UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**PAUL MICHAEL PEDDER,**

                               **Plaintiff,**

                     **-v-**                                     **5:08-CV-983 (NAM/GHL)**

**CITY OF SYRACUSE, AND UNNAMED SYRACUSE
POLICE OFFICERS ON DUTY AT THE DATE AND
TIME OF THE INCIDENT HEREIN REFERENCED
AND WHO WERE ACTIVELY OR PASSIVELY
ENGAGED THEREIN, in their official and individual
capacities, jointly and severally,**

                               **Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

Mark David Blum, Esq.
P.O. Box 82
Manlius, New York 13104
Attorney for Plaintiff

Hon. Rory McMahon, Corporation Counsel
Rosemary Lepaine, Esq., Assistant Corporation Counsel
300 City Hall
Syracuse, New York 13202
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Presently before the Court is plaintiff's motion (Dkt. No. 5) to remand this action to New York State Supreme Court. In the complaint (Dkt. No. 1), filed in New York State Supreme Court, Onondaga County on September 3, 2008, plaintiff alleges that in the evening of December 4, 2007, while he was "walking about" and not involved in any illegal activity, defendants illegally arrested, beat, searched, and detained him. The first cause of action is for excessive use of force, assault, and battery, as well as denial of plaintiff's constitutional right to be free from excessive use of force, assault, and battery. The second cause of action alleges false arrest, false

imprisonment, and infringement of his constitutional right to liberty and privacy. Finally, the third cause of action sounds in intentional infliction of emotional distress.

Defendant City of Syracuse removed the action to United States District Court. The Notice of Removal (Dkt. No. 1) asserts that this Court has original jurisdiction over the action because certain claims therein arise under the United States Constitution and 42 U.S.C. §1983. Plaintiff moves to remand to state court on the ground that he asserts no claim based on federal constitutional or statutory law. *See* 28 U.S.C. § 1447(c).

The removal of a state court action to federal court is authorized where the case is "founded on a claim or right arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(b); *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). For a claim to support removal on this ground, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). The federal claim must appear on the face of the complaint. *See id.* at 113. Thus, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff points out that the complaint does not expressly cite to the United States Constitution, to 42 U.S.C. §1983, or to other federal law. Plaintiff further states that, although he could have based certain claims on the United States Constitution, he chose not to do so. Plaintiff's counsel affirms that in drafting the complaint, he "deliberately left out federal language,

-2-

made no reference to federal rights to be vindicated, nor pursued a '*Monell*' claim."[1]

It is true that the complaint does not explicitly cite federal constitutional or statutory provisions. It does, however, refer to plaintiff's "constitutional right to be free from an excessive use of force, assault, and battery of his person," his "constitutional right to ... liberty and privacy," and other "rights," without specifying the source of those rights. As such, it is not crystal clear from the face of the complaint that plaintiff relies exclusively on state law.[2] Nevertheless, the most reasonable reading of the complaint is that it asserts only state – not federal – constitutional and statutory rights. Moreover, by moving to remand, plaintiff has effectively abandoned any federal constitutional or statutory claims that might be inferred from the complaint. Accordingly, the Court construes plaintiff's constitutional claims as grounded solely on the New York State Constitution and his other claims as grounded solely on New York State law. As such, district court lacks subject matter jurisdiction. The Court grants the motion to remand.

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 5) to remand to New York State Supreme Court, Onondaga County is granted; and it is further

ORDERED that the Clerk of the Court, Northern District of New York, shall mail a certified copy of the order of remand to the Clerk of the New York State Supreme Court, Onondaga County.

IT IS SO ORDERED.

December 3, 2008
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

---

[1] *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978) (holding that a municipality may be found liable under 42 U.S.C. § 1983 for the conduct of its officers where a plaintiff establishes a federal constitutional injury caused by municipal policy or custom).

[2] Plaintiff does not request an award of attorney's fees or other expenses incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). In any event, due to the lack of clarity in the complaint, such an award would not be appropriate.

-3-